Filed 2/19/15  P. v. Contreraz CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>REGGIE ANTHONY CONTRERAZ,<br><br>　Defendant and Appellant. | 2d Crim. No. B258888<br>(Super. Ct. No. 2013030103)<br>(Ventura County) |

Reggie Anthony Contreraz appeals a judgment of conviction entered after he waived his right to a preliminary examination and his constitutional rights and pleaded guilty to eluding a pursuing police officer (count 1), and transportation of cocaine (count 3), with admissions that he suffered a prior narcotics conviction and served a prior prison term.  (Veh. Code, § 2800.4; Health & Saf. Code, §§ 11352, subd. (a), 11370.2, subd. (a); Pen. Code, § 667.5, subd. (b).)  The trial court granted a certificate of probable cause regarding counsel's failure to bring a motion to suppress evidence.  (Pen. Code, § 1237.5, 1538.5, subd. (a).)

We appointed counsel to represent Contreraz in this appeal.  After examination of the record, counsel filed an opening brief raising no issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  On November 21, 2014, we advised Contreraz that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  On December 8, 2014, we received a response from him contending that

that he received the ineffective assistance of counsel because his attorney did not bring a motion to suppress evidence.  (*In re Brown* (1973) 9 Cal.3d 679, 683, overruled in part by *People v. Mendez* (1999) 19 Cal.4th 1084, 1093 [certificate of probable cause permits review of claim of ineffective assistance of counsel].)  Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we present a factual and procedural summary of the case and a brief discussion of Contreraz's contention.

*FACTUAL AND PROCEDURAL HISTORY*

In the afternoon of September 27, 2013, an off-duty Ventura sheriff's deputy observed Contreras driving his motorcycle erratically at an unsafe speed.  The deputy notified another deputy who arrived in a marked vehicle.  When the second deputy observed Contreraz make an illegal left turn, he activated his lights and siren to initiate a traffic stop.  In response, Contreraz accelerated, made illegal turns, weaved between vehicles, and drove through red traffic signals.  A pursuit ensued until Contreraz collided with a parked vehicle.

Deputies subdued Contreraz and found a loaded handgun, a digital scale, 4.7 grams of marijuana, 8.24 grams of methamphetamine, and .71 grams of cocaine on his person.  A search of the motorcycle revealed 97 grams of marijuana.  The officers looked through Contreraz's cellular telephone and found messages suggesting drug sales.

On October 1, 2013, the prosecutor filed a felony complaint charging Contreraz with eluding a police officer, possession of a firearm by a felon, transportation of cocaine, transportation of methamphetamine, possession of cocaine with a firearm, possession of methamphetamine with a firearm, and transportation of marijuana.  (Veh. Code, § 2800.4; Pen. Code, § 29800, subd. (a)(1); Health & Saf. Code, §§ 11352, subd. (a), 11379, subd. (a), 11370.1, subd. (a), 11360, subd. (a).)  The prosecutor also alleged that Contreraz had a prior narcotics conviction and served two prior prison terms.  (Health & Saf. Code, § 11370.2, subd. (a); Pen. Code, § 667.5, subd. (b).)

On June 4, 2014, Contreraz waived his right to a preliminary examination and his constitutional rights and pleaded guilty to eluding a pursuing police officer (count 1), and transportation of cocaine (count 3), with admissions that he suffered a prior

2

narcotics conviction and served a prior prison term. (Veh. Code, § 2800.4; Health & Saf. Code, §§ 11352, subd. (a), 11370.2, subd. (a); Pen. Code, § 667.5, subd. (b).) Contreraz waived his rights orally and in writing and also acknowledged that a maximum sentence would be 10 years 4 months.

Pursuant to a plea agreement, the trial court sentenced Contreraz to eight years eight months imprisonment, imposed a $ 300 restitution fine, a $300 parole revocation restitution fine (stayed), an $80 court security fee, and a $60 criminal conviction fee, and awarded Contreraz 600 days of presentence custody and conduct credit. (Pen. Code, §§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.) The court then dismissed the remaining charges.

## DISCUSSION

When examining an ineffective assistance of counsel claim, a reviewing court defers to counsel's reasonable tactical decisions. (*People v. Mai* (2013) 57 Cal.4th 986, 1194.) However, counsel is not ineffective for failing to make frivolous or futile motions. (*People v. Thompson* (2010) 49 Cal.4th 79, 122.) Based upon the factual summary of Contreraz's offenses set forth in the probation report, a motion to suppress evidence of the firearm and drugs here is without merit.

Contreraz expressly agreed that the trial court could consider the police report of the incident and the probation report as proof of the factual basis for his pleas and admissions. His guilty plea and admissions admitted every element of the crimes and allegations charged. (*People v. Wallace* (2004) 33 Cal.4th 738, 749.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

3

Patricia Murphy, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.